UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 12-12198-PBS |
| | ) | |
| BERNARD A. KANSKY, et al., | ) | |
| Defendants. | ) | |
| | ) | |

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
TO DISMISS DEFENDANT BERNARD A. KANSKY'S COUNTERCLAIM

September 4, 2013

SOROKIN, C.M.J.

In this action, the government seeks to reduce to judgment more than $200,000 in alleged federal income tax liabilities of defendant Bernard A. Kansky, and to enforce related federal tax liens via judicial sale of two properties in which Kansky has an ownership interest.[1]  See generally Doc. No. 1.  Kansky has asserted a counterclaim seeking monetary damages from the government for "Intentional Reckless Conduct - Physical Harm and Emotional Distress."  Doc. No. 17 at 11.  When it answered the counterclaim, the government listed affirmative defenses based on sovereign immunity and failure to exhaust administrative remedies, both of which it noted were jurisdictional defects.[2]  Doc. No. 35 at 1.

On July 31, 2013, the government filed a motion seeking dismissal of the counterclaim, citing lack of subject-matter jurisdiction and, alternatively, failure to state a claim upon which

---

[1]Also named as defendants are Kansky's wife, two real estate trusts, the Town of Hull, and the City of Boston.  Doc. No. 1.  Two other defendants, Mortgage Electronic Registration Systems, Inc. and Wells Fargo Bank, N.A., have defaulted.  Doc. No. 30.

[2]The government's answer to the counterclaim was filed late, with Kansky's assent and the Court's approval.  Doc. No. 34; Doc. No. 46 at ¶ 2.

relief can be granted.  Doc. No. 44; see Doc. No. 45 (citing Fed. R. Civ. P. 12(b)(1) and (6)).  Kansky has opposed the motion, Doc. No. 46, and the government has replied, Doc. No. 47-1.  Because Kansky has not demonstrated that the government has waived sovereign immunity with respect to his counterclaim, the government's motion should be ALLOWED.

Kansky cites no statutory basis for his counterclaim.  See Doc. No. 17 at 11.  The government suggests the only possible bases are the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., and 26 U.S.C. § 7433.  As Kansky has offered no other legal grounds for his counterclaim, see generally Doc. No. 46, and the Court can conceive of none, the claim's viability will be assessed under both the FTCA and § 7433.[3]

First, the government's limited waiver of sovereign immunity for claims brought under the FTCA is subject to enumerated exceptions which specifically include "[a]ny claim arising in respect of the assessment or collection of any tax."  28 U.S.C. § 2680(c).  The counterclaim at issue here relates to allegations that the government prolonged a federal income tax audit, misapplied payments made toward federal income taxes, and claimed an incorrect tax assessment for certain years.  Doc. No. 17 at 11.  As such, the FTCA cannot provide a basis for invoking this Court's jurisdiction with respect to Kansky's counterclaim.  28 U.S.C. § 2680(c); see United

---

[3]Kansky opposes the motion primarily on procedural grounds, such as untimeliness and failure to specify which subsection of Rule 12(b) is at issue, without addressing the issue of sovereign immunity.  See Doc. No. 46 at ¶¶ 3-7, 9-10.  The government, however, has identified Rule 12(b)(1) as a basis for its motion, Doc. No. 45 at 4, and it is well settled that issues of subject-matter jurisdiction may be presented (or raised by the Court) at any point in the proceedings.  Caban Hernandez v. Philip Morris USA, Inc., 486 F.3d 1, 5 (1st Cir. 2007); see Fed. R. Civ. P. 12(h)(3).  To the extent the motion is more properly considered as one for judgment on the pleadings pursuant to Rule 12(c) because the government has answered the counterclaim, the Court can and should treat it as such.  See Padson v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005) (noting standards for resolving motions pursuant to Rules 12(b) and 12(c) are "essentially the same").

States v. Brown, No. 09-0006, 2010 WL 1006268, at *2 (D.N.J. Mar. 17, 2010) (dismissing taxpayer's counterclaims for damages after finding no basis to conclude sovereign immunity had been waived under the FTCA).

Second, to the extent the government has waived its sovereign immunity with respect to claims like Kansky's pursuant to 26 U.S.C. § 7433,[4] it has done so only insofar as "the plaintiff has exhausted the administrative remedies available . . . within the Internal Revenue Service." § 7433(d)(1); see United States v. Berk, 374 B.R. 385, 396-97 (D. Mass. 2007) (finding sovereign immunity had not been waived as to counterclaim for damages under § 7433 where taxpayer had not first exhausted administrative remedies); see also Brown, 2010 WL 1006268, at *2; Holt v. Davidson, 441 F. Supp. 2d 92, 95-96 (D.D.C. 2006).  Kansky has not alleged he complied with the exhaustion requirement; rather, he summarily suggests he need not do so because his counterclaim is compulsory.[5]  Doc. No. 46 at ¶ 8.  Whether compulsory or not, the Court cannot exercise jurisdiction – supplemental or otherwise – over a claim against the government absent an unequivocal waiver of sovereign immunity, authorized by Congress.  See United States v. Dalm, 494 U.S. 596, 608 (1990).  Where the government's consent to suit is

---

[4]The government suggests § 7433 is limited to claims of "actual, direct economic damages sustained . . . as a proximate result of the reckless or intentional or negligent actions of [an IRS employee]," and provides no basis for claims of physical or emotional harm.  Doc. No. 45 at 3-4 (quoting § 7433(b)(1)).  The regulations implementing § 7433, however, do not appear to rule out such claims entirely.  See 26 C.F.R. § 301.7433-1(b)(1) ("Injuries such as inconvenience, emotional distress and loss of reputation are compensable only to the extent that they result in actual pecuniary damages.").  The Court need not concern itself with this question in order to resolve the sovereign immunity issue, which is dispositive.

[5]To the extent Kansky's opposition brief contains a motion to strike the declaration appended to the government's motion stating no records of an administrative claim by Kansky exist, it is denied as moot in light of Kansky's apparent concession that he filed no such claim.

subject to a specified set of terms, such as a statute of limitations or an administrative exhaustion requirement, the Court "must be careful not to interpret [such terms] in a manner that would extend the waiver beyond that which Congress intended." Id. (internal quotations and citations omitted); see Progressive Consumers Fed. Credit Union v. United States, 79 F.3d 1228, 1230 (1st Cir. 1996) (noting waivers of sovereign immunity are "strictly construed").  Kansky has not established a waiver of sovereign immunity with respect to a counterclaim for damages pursuant to § 7433, absent compliance with the exhaustion requirements set forth therein.  As such, this Court is without power to entertain the counterclaim.  See Berk, 374 B.R. at 396-97 (D. Mass. 2007).

For the foregoing reasons, I respectfully recommend that the Court ALLOW the government's motion (Doc. No. 44) and DISMISS Kansky's counterclaim for lack of subject-matter jurisdiction.[6]

      /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

[6] The Parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).