UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | )<br>)<br>)<br>) |  |
| v. | ) | Civil No. 12-12198-PBS |
| BERNARD A. KANSKY, et al.,<br>    Defendants. | )<br>)<br>)<br>) |  |

REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO NON-SUIT THE PLAINTIFF

November 6, 2013

SOROKIN, C.M.J.

In this action, the government seeks to reduce to judgment more than $200,000 in alleged federal income tax liabilities of defendant Bernard A. Kansky, and to enforce related federal tax liens via judicial sale of two properties in which Kansky has an ownership interest.[1]  See generally Doc. No. 1.  The Court previously dismissed Kansky's counterclaim seeking monetary damages from the government, Doc. Nos. 54, 58, and the undersigned's recommendation that the government's motion for summary judgment be allowed is currently pending before the District Judge, Doc. No. 59.[2]

On November 4, 2013, Kansky filed a document entitled "Defendants' Motion to Non-Suit the Plaintiff for the Verification of Answers to Interrogatories to the Plaintiff by DOJ Counsel for the Plaintiff."  Doc. No. 61.  The government promptly opposed the motion.  Doc.

---

[1] Also named as defendants are Kansky's wife, two real estate trusts, the Town of Hull, and the City of Boston.  Doc. No. 1.  Two other defendants, Mortgage Electronic Registration Systems, Inc. and Wells Fargo Bank, N.A., have defaulted.  Doc. No. 30.

[2] Kansky has sought an extension of time to file objections to that recommendation, Doc. No. 60, a request which will be resolved by the District Judge.

No. 62.  For the following reasons, Kansky's motion should be DENIED.³

Kansky's two-page motion cites as its legal basis Rules 7.1 and 33 of the Federal Rules of Civil Procedure.  According to Kansky, those rules "prohibit counsel for a party [from] verifying answers to interrogatories under oath."  Doc. No. 61 at 1.  Because the government's interrogatory responses here were signed by counsel in violation of those rules, says Kansky, and because the undersigned's summary judgment recommendation "appear[s] to and/or may [have] rel[ied] in part" on information contained in the interrogatory responses, "the proceedings herein have been tainted and the Court should as a matter of law, enter a non-suit against the [government]."  Id. at 2.

As the government points out in its opposition brief, the rules Kansky cites offer no support for his request.  Rule 7.1, which describes disclosure statements that "nongovernmental corporate part[ies] must file," has no bearing on the government's interrogatory responses in this action.  Although Rule 33 is more relevant, as it at least relates to interrogatories, it explicitly permits counsel – or "any officer or agent" – to answer interrogatories directed to the government – or to any party that is "a governmental agency."  Fed. R. Civ. P. 33(b)(1)(B); see Fed. R. Civ. P. 33(b)(5) (requiring the "person who makes the answers" to sign them).  The government's interrogatory responses, answered and signed by counsel, plainly are in conformance with these Federal Rules.

Even if the government's interrogatory responses for some reason were deemed not to comply with the Federal Rules, Kansky has cited no basis for finding that such noncompliance

---

³Absent from Kansky's motion is a certification that he conferred with opposing counsel to narrow the issues presented, as required by Local Rule 7.1.  Although the Court could dismiss the motion on this procedural ground alone, it fails on its merits as well.

would justify a non-suit.  Moreover, the interrogatory responses were not submitted by either party as part of the summary judgment record.  See Doc. Nos. 48, 50.  The responses were not before the undersigned at the time the summary judgment recommendation, nor were they a factor therein.  See generally Doc. No. 59.  Thus, Kansky's assertion that the proceedings have been "tainted" is baseless.

      Accordingly, I respectfully recommend that the Court DENY Kansky's motion (Doc. No. 61).[4]

                                                              /s/ Leo T. Sorokin
                                                              Leo T. Sorokin
                                                              Chief U.S. Magistrate Judge

---

[4]The Parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).